UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LEAH MARIE SYBERG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18-cv-1729-PLC |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Leah Marie Syberg for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this civil action against the Missouri Department of Social Services. She claims this Court has federal question jurisdiction over this action because "[t]he Fifth Amendment protects me from being tried for the same offense twice. It also guarantees me the right to due process." (Docket No. 1 at 3). Therefore, plaintiff's claims are properly construed as brought pursuant to 42 U.S.C. § 1983, which allows her to bring a civil action in this Court to vindicate violations of her federally-protected rights. *See* 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

According to the complaint, on May 25, 2013, the Missouri Department of Children and Family Services (also "DCFS," a division of the Missouri Department of Social Services) received a report of child neglect. On August 6, 2013, DCFS sent plaintiff a notice of a preliminary finding of child abuse. The notice explained that plaintiff had a right to file an appeal. On October 2, 2013, plaintiff, through her attorney, filed an appeal. She and her attorney regularly inquired about the status of the appeal. In a March 2014 letter, DCFS advised that the August 6, 2013 case was closed, but in May of 2018, plaintiff discovered the appeal was still pending. Plaintiff claims that, under state regulations, the review process should have proceeded within ten days of the appeal. She alleges that the State is forcing her to defend herself twice, and is not allowing her due process. *Id.* at 5. Plaintiff alleges she has been "retraumatized" and is suffering psychological symptoms, and took a leave of absence from her graduate degree program.

As relief, plaintiff seeks $2 million to compensate her for emotional pain, trauma, education costs, anger, mental anguish, and to compensate her for violating her rights guaranteed by the United States Constitution.

**Discussion**

"The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. State of Mo.*, 973 F.2d 599, 600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "This bar exists whether the relief sought is legal or equitable." *Id*. (quoting *Papasan*, 478 U.S. at 276). Eleventh Amendment immunity extends to state agencies that are considered an arm of the State. *Gibson v. Arkansas Dept. of Correction*, 265 F.3d 718, 720 (8th Cir. 2001). The Missouri Department of Social Services is a state agency entitled to Eleventh Amendment immunity. *Texas Community Bank, N.A. v. Missouri Dept. of Social Services, Div. of Medical Services*, 232 F.3d 942, 943 (8th Cir. 2000). Missouri has not waived its Eleventh Amendment immunity from suit in federal court under § 1983 for claims for damages, and Congress did not abrogate that immunity when it enacted § 1983. *Williams,* 973 F.2d at 600. Accordingly, the Court concludes that the Eleventh Amendment bars this lawsuit.

Plaintiff also fails to state a claim upon which relief may be granted. The Missouri Department of Social Services, as an agency of the State of Missouri, is not a "person" within the meaning of 42 U.S.C. § 1983. *See Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) (*en banc*). In addition, while plaintiff claims she was "tried for the same offense twice" or forced to defend herself twice, review of her allegations shows that her initial case was closed after a decision was made and that she chose to appeal that decision, not that the defendant engaged in any wrongdoing. Finally, to the extent plaintiff can be understood to argue that the defendant violated her due process rights by not processing her appeal in accordance with state

law, this Court notes that it lacks authority to order a State to conform its conduct to state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of December, 2018.

                                    E. RICHARD WEBBER
                                    UNITED STATES DISTRICT JUDGE